ZENO B. BAUCUS
BRYAN T. DAKE
**Assistant U.S. Attorneys**
U.S. Attorney's Office
James F. Battin U.S. Courthouse
2601 Second Ave. North, Suite 3200
Billings, MT 59101
Phone: (406) 657-6101
FAX: (406) 657-6989
Email: Zeno.Baucus@usdoj.gov
       Bryan.Dake@usdoj.gov

**ATTORNEYS FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**BILLINGS DIVISION**

| UNITED STATES OF AMERICA, | CR 22-112-BLG-SPW |
| --- | --- |
| Plaintiff, | |
| vs. | **OFFER OF PROOF** |
| KYLE RAY SCHWINDT, | |
| Defendant. | |

## THE CHARGE

The defendant, Kyle Ray Schwindt, is charged in the Indictment with Attempted Coercion and Enticement (Count 1) and Possession of Child Pornography (Count 2), in violation of 18 U.S.C. §§ 2422(b) and 2252A(a)(5)(B),

1

respectively.

## PLEA AGREEMENT

Schwindt has signed a plea agreement in which he will plead guilty to Count 1 of the Indictment. The motion for change of plea and accompanying plea agreement filed with the Court represents, in the government's view, the most favorable disposition of the case against the defendant. *See, e.g., Missouri v. Frye*, 566 U.S. 134 (2012).

## ELEMENTS

In order for the defendant to be found guilty of Count 1, the government must prove each of the following elements beyond a reasonable doubt:

*Count I – Attempted Coercion and Enticement*

First, the defendant attempted to use a means or facility of interstate commerce, that is a cellular telephone and the internet, to knowingly persuade, induce, entice, or coerce, an individual to engage in Sexual Intercourse without Consent, in violation of Mont. Code Ann. § 45-5-503;

Second, that if the sexual activity had occurred the defendant could have been charged with a criminal offense under the laws of Montana. In Montana, it is a criminal offense to have Sexual Intercourse without Consent;

Third, the defendant believed that the individual he attempted to persuade, induce, entice, coerce, was under the age of 18; and

Fourth, the defendant did something that was a substantial step toward committing the crime and that strongly corroborated the defendant's intent to commit the crime.

## PENALTY

The offense in Count I carries a mandatory minimum of ten years imprisonment and a maximum of lifetime imprisonment, a $250,000 fine, and at least five years of supervised release.

## ANTICIPATED EVIDENCE

If this case were tried in United States District Court, the United States would prove the following:

On July 14, 2022, law enforcement conducted an undercover operation in Billings, Montana, in which they assumed the identity of a fictitious 13-year-old male on a social media site.

On that date, the profile was contacted by another user. The communications between the undercover and the other profile, which was later connected to the defendant, occurred on July 14 and July 15, 2022. During those communications, law enforcement claimed to be a 13-year-old juvenile and informed the defendant of being 13 years old. The communications became increasingly sexual in nature. During those communications the defendant stated that he wanted to "worship" the body of the juvenile, informed him that he was "hella cute," and sent a picture of part of a penis and asked the juvenile, "wanna come taste it?"

The communications turned to setting up a potential meeting and a determination was made to meet at a park in Billings. On July 15, 2022, at around

3:40 p.m, the defendant and his male companion arrived at the park and were taken into custody.  The defendant was interviewed and, after waiving his *Miranda* rights, stated that he was traveling to meet a 13-year-old boy for a sexual encounter and indicated that he was sorry for what he had done.

Finally, Sexual Intercourse without Consent, in violation of Mont. Code Ann. § 45-5-503, prohibits sexual intercourse with an individual less than 16 years of age.

DATED this 18th day of October, 2022.

        JESSE A. LASLOVICH
        United States Attorney

        */s/ Zeno B. Baucus*
        ZENO B. BAUCUS
        Assistant U.S. Attorney

        */s/ Bryan T. Dake*
        BRYAN T. DAKE
        Assistant U.S. Attorney