ZENO B. BAUCUS
BRYAN T. DAKE
Assistant U.S. Attorney
U.S. Attorney's Office
James F. Battin U.S. Courthouse
2601 Second Avenue North, Suite 3200
Billings, MT 59101
Phone: (406) 657-6101
FAX: (406) 657-6989
E-mail: Zeno.Baucus@usdoj.gov
         Bryan.Dake@usdoj.gov

ATTORNEYS FOR PLAINTIFF
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| UNITED STATES OF AMERICA, | CR 22-112-BLG-SPW-01 |
|---|---|
| Plaintiff, | |
| vs. | UNITED STATES' SENTENCING MEMORANDUM |
| KYLE RAY SCHWINDT, | |
| Defendant. | |

The United States of America, by and through Zeno B. Baucus and Bryan T. Dake, Assistant U.S. Attorneys for the District of Montana, provides the Court with its sentencing memorandum in aid of sentencing.

1

## INTRODUCTION

Schwind has pled guilty to Attempted Coercion and Enticement, in violation of 18 U.S.C. § 2422(b), pursuant to a plea agreement. Under the terms of the agreement, the United States intends to dismiss the remaining count in the Indictment against Schwindt at sentencing. PSR ¶5. With no objections from the parties, the PSR has determined that Schwindt's recommended guideline range is 70 to 87 months. PSR ¶68. However, given the applicable statutory minimum, his recommended guideline range is 120 months. *Id*.

## THE OFFENSE

On July 14, 2022, law enforcement, while conducting an undercover operation, received a message on a social media platform. Law enforcement was posing as a 13-year-old boy and an account, later connected to Schwindt, reached out. PSR ¶11. Law enforcement informed Schwindt as to the fictious boy's age and he responded that was not an issue. *Id*.

The discussion between Schwindt and the undercover turned sexual and included, among other exchanges, Schwindt sending a partial picture of his penis. PSR ¶12. Schwindt inquired if his boyfriend, co-defendant Wilkerson, could come with him when he got together with the "boy." PSR ¶68. The communications continued to progress and involved plans of sexual acts that they would do together. Then, on July 15, 2022, Schwindt and Wilkerson arrived at a park in

Billings where the "boy" told them he would be.  Wilkerson was driving.  PSR ¶13.  During a subsequent interview, Schwindt stated that he was talking to what he thought was a 13-year-old boy, implicitly acknowledged that he was traveling to have sexual relations with the "boy" and that Wilkerson was also going to participate.  PSR ¶13.

## RECOMMENDATION

Section 3553(a) of Title 18 of the United States Code contains prefatory language —"The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection."  Those purposes include the need for the sentence to:

- reflect the seriousness of the offense;
- promote respect for the law;
- provide just punishment for the offense;
- afford adequate deterrence to criminal conduct;
- protect the public from further crimes of the defendant; and,
- provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In addition, subsection (1) of § 3553(a) requires the court to consider the nature and circumstances of the offense and the history and characteristics of the defendant; subsection (3) requires the court to consider the kinds of sentences

3

available; subsections (4), (5), and (6) require the Court to consider the sentencing guidelines and policy statements, and to avoid unwarranted sentencing disparity; and subsection (7) requires the Court to provide restitution to victims. Certain of these factors are particularly relevant in determining the defendant's sentence. It is important to note, however, that the Guidelines are the "starting point," and only one factor for a court to consider in drafting an appropriate sentence. *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). "The Guidelines are not only not mandatory on sentencing courts; they are also not to be presumed reasonable." *United States v. Gall*, 552 U.S. 38, 50 (2007). As noted above, the PSR has determined that the defendant's guideline range is 120 months imprisonment. PSR ¶ 68. Based on the information contained in the PSR and entire record in this case the United States recommends a custodial term.

A. **18 U.S.C. §§ 3553(a)(2)(A), (B) and (C) – The Need for the Sentence to Reflect the Seriousness of the Offense, Protect the Public and Provide Adequate Deterrence**

When he was apprehended, Schwindt was on his way to sexually abuse, what he thought, was a 13-year-old boy. Had he not been apprehended in the context of an undercover sting operation, there is little doubt that Schwindt and Wilkerson would have engaged in this conduct (assuming it was a real child). Schwindt admitted as much. PSR ¶13.

Acknowledging that Schwindt is relatively young, especially relative to his

co-defendant, the United States notes that this does mitigate his culpability and sentence. It also appears that he was a victim himself at one point, something that the United States does not take lightly and undoubtedly contributed to the situation he is in now. PSR ¶41. However, there is no discounting the conduct that he engaged in. Schwindt thought he was going to sexually abuse a child when he was arrested and had child sexual abuse material on his electronic media at the time. PSR ¶78. To say this is a concern would be a vast understatement. Indeed, Michael Sullivan has determined that Schwindt is a moderate risk to the community. It is a risk that, the United States contends, society cannot afford to take. A custodial sentence is appropriate.

DATED this 8th day of March, 2023.

JESSE A. LASLOVICH
United States Attorney

/s/ *Zeno B. Baucus*
ZENO B. BAUCUS
BRYAN T. DAKE
Assistant U.S. Attorneys